# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Respondent,<br><br>vs.<br><br>JAMES DALE ROSE,<br><br>　　　　Defendant-Petitioner. | CASE NO: CR01-201-C-EJL<br>　　　　　　CV05-248-C-EJL<br><br>MEMORANDUM ORDER |

　　　　Pending before the Court in the above-entitled matter is Petitioner James Rose's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Docket No. 1). The Government has responded and the Petitioner has filed his reply. The matter is now ripe for the Court's review.

### Timeliness

　　　　The Petitioner pled guilty to a four count information charging conspiracy to distribute/possession with intent to distribute 900 Kilograms of Marijuana, conspiracy to launder drug money, drug property forfeiture and money laundering forfeiture. The Court sentenced the Petitioner to 72 months imprisonment on October 4, 2004. No direct appeal was filed. The § 2255 motion was filed on June 23, 2005. Pursuant to the amendment of 28 U.S.C. § 2255 in 1996 as part of the Anti-Terrorism and Effective Death Penalty Act, there is now a one (1) year limitation on the filing of a § 2255 motion. Since the motion was filed less than one year after the judgment became final, § 2255 motion is timely.

Standard of Review

Pursuant to 28 U.S.C. § 2255, the Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." Furthermore, a hearing must be granted *unless* the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.), cert. denied, 470 U.S. 1058 (1985) (citations omitted); Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985). However, a district court may summarily dismiss a Section 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief...." Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Court. Thus in order to withstand summary dismissal of his motion for relief under Section 2255, defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990). In the present case, the legal issues do not require an evidentiary hearing.

Analysis of Claims

Petitioner claims denial of his Fifth and Sixth Amendment Rights, denied his Fifth Amendment Due Process, double jeopardy, and Eighth Amendment cruel punishment based on lack of health care. The Court will address each claim.

First, it appears from the Plea Agreement in this case, Petitioner waived his right to file a § 2255 motion. The law concerning waiver of appeal rights is settled.

> Waiver of a statutory right to appeal is reviewed de novo. United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991). A defendant may waive a statutory right to appeal his sentence. United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 503 U.S. 942, 112 S.Ct. 1488, 117 L.Ed.2d 629 (1992). However, an express waiver of the right to appeal is valid only if knowingly and voluntarily made. Bolinger, 940 F.2d at 480. This court looks to the circumstances surrounding the signing and entry of the plea

> agreement to determine whether the defendant agreed to its terms knowingly and voluntarily. Id. In reviewing a waiver of appeal, we must also focus also upon the language of the waiver to determine its scope. See e.g. United States v. Johnson, 67 F.3d 200 (9th Cir.1995). Further, we have recognized that the waiver of a right to appeal may be subject to certain exceptions such as claims involving a breach of the plea agreement, racial disparity in sentencing among codefendants or an illegal sentence imposed in excess of a maximum statutory penalty. See Id, at 202, n. 4 (citations omitted); see also United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir.1995) (waiver of appeal does not preclude claim that restitution exceeded statutory authority); United States v. Attar, 38 F.3d 727, 732 (4th Cir.1994) (waiver of appeal subject to limited exceptions), cert. denied, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 850 (1995). At least one court has noted that proper enforcement of appeal waivers serves an important function in the judicial administrative process by "preserv[ing] the finality of judgments and sentences imposed pursuant to valid plea agreements." United States v. Rutan, 956 F.2d 827, 829 (8th Cir.1992).

United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996).

In the present case, Petitioner has made no showing that his waiver was invalid. Therefore, the motion for relief is denied based upon the Petitioner's knowing and voluntary waiver of his right to seek post-conviction relief in his Plea Agreement.

Even if the waiver was somehow defective, the Court finds Petitioner is not entitled to relief. First, Petitioner claims ineffective assistance of counsel in violation of his Fifth and Sixth Amendment Rights based on his argument that the Supreme Court decisions in Blakely and Booker should be retroactively applied. The Petitioner's analysis is outdated and flawed. Neither United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) nor Apprendi v. New Jersey, 530 U.S. 466 (2000) are to be applied retroactively to cases on collateral review. In United States v. Cruz, 423 F.3d 117 (9th Cir. 2005), the Ninth Circuit held the Booker decision is not retroactive to cases on collateral review. This ruling is consistent with earlier rulings that the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000) is not retroactive. See United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002). It is further consistent with the rulings by the Ninth Circuit that Blakely v. Washington, 542 U.S. 296 (2004) is not retroactive. See Cook v. United States, 386 F.3d 949 (9th Cir. 2004); Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005).

Having found Booker, Apprendi and Blakely are not retroactive to cases on collateral review, this claim must be denied. Moreover, Defendant was only sentenced to the quantity of drugs he admitted in the factual basis for his plea agreement (not the amount calculated by the probation officer as relevant conduct) and his counsel raised a Blakely objection based on United States v. Ameline, ___ F.3d ___ (9th Cir. July 21, 2004).

Second, Petitioner claims his Fifth Amendment rights were violated when he was not able to testify before the Grand Jury before he was indicted. A Petitioner claiming ineffective assistance of counsel must allege specific facts which, if proved, would demonstrate that (1) counsel's actions were "outside the wide range of professionally competent assistance," *and* (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-690 (1984). Mere conclusory allegations do not prove that counsel was ineffective. See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989). A defendant fails to state a claim for ineffective assistance if he fails to allege facts sufficient to meet *either* the "performance" or "prejudice" standard, and the district court may summarily dismiss his claim.

The Court has reviewed the Petitioner's motion, and the entire record herein, and concludes that even assuming the Petitioner has alleged facts sufficient to state a claim of ineffective assistance of counsel, the Petitioner has failed to allege facts sufficient to satisfy the "prejudice" prong of the two part test of ineffective assistance of counsel. Specifically, the Petitioner has failed to demonstrate there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of his case would have been different.

Petitioner has provided no case law to support his argument that he had a constitutional right to testify before he was indicted by the Grand Jury. The Court is not aware of any such right and this basis for relief is denied. Petitioner had the right to go to trial and testify at trial. He waived this

MEMORANDUM ORDER
06ORDERS\ROSE_2255.wpd

right to testify when he entered his plea. The Court finds the Petitioner's claims of ineffective assistance of counsel, individually or collectively, do not satisfy the two prong test of <u>Strickland.</u>

Third, Petitioner complains he was convicted in violation of the double jeopardy clause. Petitioner admits he was previously convicted for drug trafficking. Petitioner claims the current drug conspiracy was part of his earlier conviction and he was improperly punished twice for the same conduct. Petitioner pled guilty to the charge in the information indicating Petitioner was involved in a conspiracy to distribute/possession with intent to distribute 900 Kilograms of Marijuana between the dates of July 2001 and May 2002 in the District of Idaho. These dates are after the previous conviction for drug trafficking in 1996 in Kentucky. Petitioner admits he continued his illegal activities after his 1996 Kentucky conviction.. Accordingly, the convictions before this Court were not a violation of the double jeopardy clause of the Constitution as they involved different illegal activities in a different federal district.

Fourth, Petitioner seeks relief regarding his conditions of confinement based on 28 U.S.C. 2241. The Petitioner acknowledges in his § 2255 motion, this complaint about a condition of confinement must be raised pursuant to § 2241 with the district court for the district wherein the Petitioner is in custody. The Petitioner is not in custody in the District of Idaho, so this Court lacks jurisdiction to address the merits of the condition of confinement claim and it must be dismissed. For all of the above reasons, and the § 2255 petition must be summarily denied.

Order

Being fully advised in the premises, the Court hereby orders that Petitioner Rose's § 2255 motion (Docket No. 1) is DENIED and the case is DISMISSED IN ITS ENTIRETY.

DATED: March 23, 2006

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER
06ORDERS\ROSE_2255.wpd